IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TREY AND LINDA BOBINGER;
WOODLY AND MAXINE FISHER;
HERMAN AND BARBARA JACOBI;
MICHAEL AND BELINDA JOHNSON;
EUGENE AND BARBARA KREUZ;
BUBBA AND TANYA WEEKS; AND
FRANK AND PATRICIA ZITO                              PLAINTIFFS

VS.                            CIVIL ACTION NO. 3:04CV639-WHB-AGN

PAREX INCORPORATED AND
JOHN DOES # 1-125                                    DEFENDANTS


OPINION AND ORDER

This cause is before the Court on the Motion of Defendant Parex, Inc. (hereinafter "Parex") to Sever Plaintiffs, which was filed with the Clerk of the Court on October 26, 2005, under docket entry no. 13. Having considered the Motion, to which Plaintiffs failed to respond in a timely manner, the Court finds that it is well taken and should be granted.

Seven sets of Plaintiffs brought this cause of action, with each set comprised of a husband and a wife. Plaintiffs purchased houses in or around Madison, Mississippi. Synthetic stucco, technically known as Exterior Insulation Finishing System (hereinafter "EIFS"), was used as a component of the exterior siding on each of the seven houses. Parex was the manufacturer of the EIFS. The basis of the claims in the Complaint is that "the

abnormal intrusion of water into the exterior walls of Plaintiffs' homes [was] caused by the failure of the synthetic stucco used in the construction of Plaintiffs' homes." Complaint, p. 1, ¶ 1.

Parex argues that the claims of the seven sets of Plaintiffs were misjoined under Rule 20(a) of the Federal Rules of Civil Procedure, thus the claims should be severed into separate causes of action. Parex contends that the claims "differ in material and essential elements and respects." Motion to Sever, ¶ 1. Specifically, the claims involve seven different homes with seven different sets of homeowners. Id. The homes are "located some distance apart, ... were constructed at different times, and in all likelihood involved different contractors." Id.

> Rule 20(a) states:
>
> Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

In summary, Rule 20(a) allows joinder of claims if the claims are factually related and involve similar legal questions. The Court agrees with Parex that the differences in facts involved in this case outweigh the similarities, and that Parex will be

prejudiced if it has to defend the claims of the seven sets of Plaintiffs in a single suit. The Court therefore finds that joinder was improper under Rule 20(a), and that the claims should be severed into seven separate causes of action in accordance with the provisions stated below. In the alternative, the Court finds that the Motion to Sever should be granted as unopposed under Rule 7.2(C)(2) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi.[1]

Based on the holdings presented above:

IT IS THEREFORE ORDERED that:

1) The Motion of Defendant Parex, Inc. to Sever Plaintiffs (docket entry no. 13) is hereby granted, and this cause of action is severed into seven separate causes of action, captioned as follows:

   <u>Trey and Linda Bobinger v. Parex Incorporated and John Does # 1-125</u>

   <u>Woodly and Maxine Fisher v. Parex Incorporated and John Does # 1-125</u>

   <u>Herman and Barbara Jacobi v. Parex Incorporated and John Does # 1-125</u>

   <u>Michael and Belinda Johnson v. Parex Incorporated and John Does # 1-125</u>

---

[1] Rule 7.2(C)(2) states "[i]f a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed." Plaintiffs did not respond to the subject Motion to Sever, and the time limit for filing a response has passed.

      <u>Eugene and Barbara Kreuz v. Parex Incorporated and John Does # 1-125</u>

      <u>Bubba and Tanya Weeks v. Parex Incorporated and John Does # 1-125</u>

      <u>Frank and Patricia Zito v. Parex Incorporated and John Does # 1-125</u>

      A new civil action number is to be assigned to each of these seven severed causes.

2) The subject cause of action, Civil Action No. 3:04CV639-WHB-AGN, is hereby dismissed, without prejudice. The Clerk of the Court is ordered to maintain in its primary file system, a copy of the file pertaining to Civil Action No. 3:04CV639-WHB-AGN until Final Judgments are entered in each and all of the severed cases.

3) The Clerk of the Court is ordered to place a copy of the Complaint in Civil Action No. 3:04CV639-WHB-AGN in the case file of each of the severed cases.

4) Any pending motions in Civil Action No. 3:04CV639-WHB-AGN are hereby dismissed, without prejudice, and may be refiled as necessary in any of the severed causes of action.

5) With the exception of the provisions of paragraph four above, previous filings in Civil Action No. 3:04CV639-WHB-AGN are deemed to be filed in the severed cases as of the date appearing on the docket sheet of Civil Action No. 3:04CV639-WHB-AGN.

6) All pre-discovery disclosures of case information or other cooperative discovery devices provided by Rule 26.1(A) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi and Rule 26(a)(1) of the Federal Rules of Civil Procedure which have not been previously furnished by Plaintiffs shall be disclosed pursuant to said rules. Case management conferences pursuant to Uniform Local Rule 16.1 will follow.

7) A filing fee of $250.00 is due and payable by Plaintiffs in each of the severed cases by thirty days after the filing date of this Order. Trey and Linda Bobinger, the first named Plaintiffs, are given a credit for the filing fee previously paid, and will not be required to pay said fee again.

SO ORDERED this the 8th day of December, 2005.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct

A TRUE COPY, I HEREBY CERTIFY.
J.T. NOBLIN, CLERK
BY: _____
DEPUTY CLERK